Per Curiam.

The bond executed by the plaintiff and John C. Cuyler to the defendant, is equivalent to a perpetual covenant, not to sue the defendant upon any de.-J 1 mand then existing. Such a covenant amounts to an .absolute release. This construction has been adopted *187 by courts, to avoid circuity of action. For if in such case the party should sue, contrary to his covenant, the other party would recover precisely the same damages which he sustained by the other suing. (Cro. Eliz. 352. Shower, 43. 5 Bac. Ab. 683.) The plaintiff prosecutes upon the note itself, given by the defendant to him, which bears date nine months before the bond set up as a release. We, therefore, cannot take into consideration the circumstances, that the note was given for a debt due from the defendant to Smith, for which the plaintiff became surety, and was obliged afterwards, and after the date of the bond, to pay to Smith. Had the suit been for money thus paid as surety, the cause of action would have arisen subsequent to the date of the bond, and would not have been affected by it. The bond being given by the plaintiff, and another, will not prevent its application to the present action. They covenant not to sue either as partners or separately. The verdict must, therefore, be set aside, with costs to abide the event of the suit.
New trial granted.