## COMMONWEALTH *versus* DANIEL CHANDLER.

Upon the return of a *habeas corpus*, that the party was not in the respondent's custody, the Court refused to hear evidence that the party was a minor, and had enlisted into the army, on which it was desired that an order should pass, de-claring the restraint unlawful.

CALEB COGGESHALL made application to the Court for a writ of *habeas corpus*, to be directed to the said *Chandler*, a lieutenant in the army of the *United States*, requiring him to bring in the body of *Henry H. Coggeshall*, whom the said *Caleb* stated to be his son, a minor, and under his care, and whom the said *Chandler* detained under pretence of an enlistment into the army of the *United States*. Upon this application, supported by affidavit of the principal facts, the Court ordered the writ to go.

*Chandler* made return upon the writ, in substance, that he could not bring in the body of the said *Henry H.*, because he, the said *Henry H.*, was not in his custody, or within his control, at the time of the service of said writ, nor did he know where he was: he fur ther returned, that, some days previous, the said *Henry H.* had enlisted into the army, but had immediately after deserted; and he made the copy of the enlistment part of the return; by which it appeared that * the said *Henry H.* stated himself [ * 84 ] to be of age when he enlisted.

*Gorham*, for the commonwealth, moved for leave to prove that the return was false. He observed that the statute empowers the Court to compel obedience, and to punish disobedience to the writ by attachment. (1) And surely a higher act of disobedience cannot be supposed than a false return. If the truth of the return cannot be questioned, the provisions of the statute may be always evaded, and the writ be rendered ineffectual. There is, indeed, a penalty of

*Stat* 1784, c. 72, § 8.

£100 for disobedience; and the party injured is entitled to his action on the case for a false return. But these consequences will be disregarded in many cases; and generally in those of great outrage, and requiring the most speedy relief. (2)

But *Gorham*, upon further inquiry, finding that there was, in fact, a desertion, as stated in *Chandler's* return, waived his motion; and the Court gave no opinion on this point.

*Gorham* then moved for leave to prove that the said *Henry H.* was a minor, &c., with a view that, if the fact was proved, the Court might pass an order declaring that the original taking was unlawful, and that the said *Henry H.* might continue to go at large, notwithstanding the pretended enlistment. He said that, although it appeared, by the return, that the lad was at large, yet it also appeared that the officer had, *primâ facie*, a good right to take and detain him. One object of the statute is, that the party shall not be restrained again for the same cause, where he has been liberated. Here, though he is now free, there exists a lawful right *primâ facie* to seize him. This Court has awarded a writ of *habeas corpus* on the application of a master, where it appeared that the minor had enlisted voluntarily, and was not detained against his will, and has discharged the minor under such circumstances. This, in effect, only annulled the *authority* to hold him; for he was free before, so far as his own will and consent could make him. The discharge merely restored to the master *the right of custody* of his [ * 85 ] * apprentice. We wish to prove a fact which shall annul the authority which (as appears by the return) the officer has to retake him.

*By the Court.* It appearing, by the return of the respondent, that the person was not in his custody, nor within his control, at the time of the service, the writ is without effect. It will be time enough to hear evidence of facts in the case when the party is brought before us. Until then, we can take no order upon the subject. The return must be taken for true. (*a*)

*Motion overruled.*

(2) See *Bac. Abr.*, tit. *Habeas Corpus*, B, 11, 12, 13, and note to 13 in *Gwillim's* edition.

(*a*) Vide *United States* vs. *Timothy Green*, 3 *Mason*, 482