*Margin note: UTICA, Aug. 1824. Clark v. Bush.*

---

## CLARK & TUBBS, executors of BARNEY, *against* BUSH, impleaded with M'CRACKEN.

ASSUMPSIT upon a note given by the defendants to the testator of the plaintiffs, dated *November 2d*, 1815, for $2000, payable *October 9th*, 1820, with interest, to be paid annually. *Bush,* one of the defendants, pleaded the general is-

*Margin note: A bond or covenant by the creditor to save harmless and indemnify the debtor*

UTICA,
Aug. 1824.

Clark
v.
Bush.

*against the debt, operates as r release of the debt.*

*A and B gave a note to C, of $2000; and then B and C became bound in the penalty of $3000, to indemnify A against all the partnership debts due from A and B, the $2000, debt due to C, being one of them; and C paid under this bond to the amount of the penalty by way of indemnifying A against other debts due from the firm of A and B, and then brought his action against A upon the note to C. Held, that he should recover; for he shall not be holden to pay beyond the penalty of his bond; more especially as he was a mere surety; and the bond shall not operate as a release of a debt which he could not be called upon to pay.*

*A surety is not liable beyond the penalty of his bond.*

*The rule seems to be the same as to the prinpipal.*

*The English and American cases upon these two heads considered.*

sue, payment and a release; to which pleas was also subjoined a notice that there would be given in evidence on the trial, a release of the testator of all debts, dues, claims and demands, of what name or nature sover existing against the firm of *Bush & M'Cracken*, with the necessary and proper averments, &c.; also that the testator, in his life time, together with *M'Cracken*, the defendant, executed to *Bush*, a bond, bearing date *October 1st*, 1816, in the penal sum of $3000, with condition that if *Barney*, (the testator of the plaintiffs) and *M'Cracken*, their heirs, &c. should well and truly, at all times, indemnify and save harmless, *Bush*, his heirs, &c. from and against all debts, dues, claims and demands, of what name or nature soever, existing against the firm of *Bush & M'Cracken*, (the same before named) including as well all debts and demands then due by and from the firm, as all contracts theretofore made by them in and about the firm of *Bush & M'Cracken*, by means of which contracts *Bush* might, in any manner thereafter, be made liable; then, &c. else, &c.

On the plea of payment, the plaintiffs took issue; and to the plea of a release they replied *non est factum*.

The cause was tried before (the late) Mr. Justice *Yates*, at the *Washington* Circuit, *June 14th*, 1822. The plaintiffs proved the note declared on, upon which was endorsed $140, *November 2d*, 1816, for interest. The balance due being $2807,33.

The defendant, *Bush*, then produced and proved the bond set forth in his notice.

The counsel for the plaintiffs then produced and proved the two following receipts or instruments in writing, signed by *Bush*, and insisted that the penalty of the bond being satisfied, it did not operate as a release of the plaintiff's de-

mand, or in any manner bar their right to recover. The receipts were as follows: " Whereas judgment was obtained in the Court of Common Pleas of the county of *Wash-ington*, in favour of *William A. Moore*, against *Amos T. Bush*, in *May* term, 1818, which judgment was obtained on a demand against the late firm of *Bush & M'Cracken* ; damages, $1417,16, and costs $28,36, making in all, as specified in the execution issued thereon, $1445,52, the interest thereon up to this 21*st June*, 1819, $106,80—whole amount $1552,32, the above judgment having been obtained on demands against which the said *Amos T.* was indemnified by a certain bond given by one *James Barney*, (deceased) and said *Charles M'Cracken*, to said *Amos T.* bearing date the 1*st October*, 1816, as by reference to said bond will fully appear ; and such proceedings being had whereby the executors of the said *James Barney*, deceased, have agreed to settle the above sum of $1552,32. And I, the said *Amos T. Bush*, do hereby certify that I have this day received of *George Clark*, of *Fort Ann*, one of the executors of the said *James Barney*, deceased, the above sum of one thousand five hundred and fifty two dollars and thirty two cents, on the account of the said bond, and which said bond is so far cancelled as may relate to said demand above in part specified. Dated 21*st June*, 1819. *Amos T. Bush*." "Received, *Fort Ann*, 19*th May*, 1820, of *George Clark*, one of the executors of the within named *James Barney*, deceased, on the within mentioned bond, the further sum of one thousand four hundred forty eight dollars and thirty nine cents, making in all paid to me by said *George Clark*, as one of the executors as aforesaid, in virtue of said bond, the sum of three thousand dollars, and $\frac{71}{100}$.

*Amos T. Bush.*"

The counsel for the defendant, *Bush*, insisted that he had shown enough to defeat the right of action, and that, therefore, the plaintiffs ought not to recover. His honour, without deciding the question, directed that a verdict should be

UTICA,
Aug. 1824.

Clark
v.
Bush.

found for the plaintiffs for $2807, with leave for the defendant to make a case, and to turn the same into a bill of exceptions if he pleased ; and the jury found accordingly.

*R. Weston,* for the defendant, made the following points :

1. The bond was in the nature of a release to *Bush,* of all demands due from *Bush & M'Cracken,* to *Barney,* the testator.(*a*)

(*a*) *Cuyler v. Cuyler,* 2 *John. Rep.* 186. *Lacy v. Kynaston,* 2 *Salk.* 574. *Phelps v. Johnson,* 8 *John. Rep.* 58.

2. The bond being for indemnity against all these demands, was not satisfied by payment of the penalty, especially after the death of *Barney.*

3. The demand of the testator, having been once released by the operation of the bond, could never be revived by payment of the penalty after the death of *Barney.*

*Z. R. Shipherd,* contra. It is a well settled rule, that paying the penalty of a bond dicharges the condition. If this had been a mere covenant to save *Bush* harmless, it would be different; but the obligors' liability is limited by a penalty. How, then, can it operate as a release of sums beyond the amount of the penalty. Here is no circuity of action to be guarded against ; and the construction contended for would be grossly inequitable. No action could be maintained upon this bond by *Bush,* for any debts which he might pay to third persons, and the note in question stands on the same footing. The Court should look at the intent of the parties in every contract. Is there a doubt that they intended to limit the liability of *Barney* to the penalty ? If this be not so, there are no terms by which the parties can limit themselves. Upon what principle can this defendant say to the payees, " You shall take up the note which I owe to you ?"

*Weston,* in reply. If this writing had been a covenant, secured by a penalty, there is no doubt the covenantee might have disregarded the penalty, and proceeded for all his damages upon the covenant. The difficulty, then, is one of form merely. There is no real difference, whether the defeasance be underwritten in a bond, or included in a cov-

enant. The equity is the same ; the remedy of the obli-
gor is suspended ; and if the bond operates as a release for
a moment, it is not denied (indeed it will not admit of dis-
cussion) that it will always continue so. Perhaps we could
not maintain an action of debt. The forms of law would be
against us ; but the question is not whether we are to have
an action : it is whether we are to retain what we already
have in our hands. This is like a sum paid by an infant on
his promise, or an insolvent upon a debt barred by his dis-
charge, or by a debtor, the demand against whom is barred
by the statute of limitations. The forms of law are against
the remedy to compel either ; but the money, when once
paid, cannot be recovered back.

*Curia, per* SAVAGE, Ch. J. (*After stating the facts.*) It is
contended by the counsel for the defendant *Bush*, 1. That
the bond operated by way cf release ; 2. That its operation
is not changed by the payment of the penalty ; 3. That pay-
ment of the penalty was not a discharge of the liability of
*Barney.*

If the condition of the bond was not discharged by pay-
ment of the penalty, then the bond must operate by way of
release to prevent circuity of action ; for it would be useless
for the plaintiffs to recover on the note, if the defendant *Bush*
might turn round and recover the whole amount back on
the bond. (2 *John. Rep.* 186. 8 *id.* 58, 59.)

On the question whether the obligor in a bond can be com-
pelled to pay more than the penalty, the decisions have not
been uniform. In *Lowe* v. *Peers*, (4 *Burr.* 2228,) the ques-
tions were, 1. Whether the £1000 mentioned were stipula-
ted damages ; 2. Whether the contract was lawful. Lord
*Mansfield,* in giving his opinion, says, "There is a difference
between covenants in general, and covenants secured by a
penalty or forfeiture. In the latter case, the obligee has his
election. He may either bring an action of debt for the
penalty and recover the penalty ; (after which recovery
of the penalty he cannot resort to the covenant ; because
the penalty is to be a satisfaction for the whole ;) or if he
does not choose to go to go for the penalty, he may proceed upon

the covenant, and recover more or less than the penalty *to-ties quoties.*" This *dictum* of Ld. *Mansfield* was not called for by the case, nor is any adjudged case cited. It is, however, considered good law by *Epinasse* in his law of *nisi prius.* (2 *Esp. N. P.* 279.) In *Branguin v. Perrot in the C. P.* (2 *Bl. Rep.* 1190,) the defendant moved to pay into Court the penalty of the bond, the condition being to indemnify a parish againstthe maintenance of a bastard child. This was opposed on the ground that the action was for a single breach; after which the penalty should remain to answer subsequent breaches, *in infinitum.* But *De Grey,* Ch. J. said, " This is really so plain a case that one knows not what to say to make it clearer. The bond ascertains the damage by consent of parties. If, therefore, the defendant pays the plaintiff the whole stated damages, what can he desire more ?" The other Judges, *Gould, Blackstone* & *Nares,* concurred. In *White* v. *Sealy et al.* (*Doug.* 49,) the defendants gave a bond in a penalty of £600, conditioned for the payment of a yearly rent by another person of £570. Two judgments had been recovered on the bond; and to the third action the defendants pleaded the first judgment in bar. The question was, whether the bond was a standing security for the rent for the whole term of 22 years, or only to the amount of the penalty. *Buller,* J. at first, thought that the plaintiff might assign breaches under the statute and recover more than the penalty; but finally concurred with Ld. *Mansfield & Ashhurst* that the defendants were liable only for the penalty. *Ashhurst,* J. thought that though a recovery beyond the penalty might be right as to the principal, it would be inequitable as against the sureties. Afterwards, in *Lonsdale* v. *Church,* (2 *T. R.* 388,) the question arose on a bond executed by the defendant and others. The defendant, as receiver of the harbour dues of *Whitehaven,* entered into three bonds of £2,000 each, conditioned to account for all sums received by him. He moved for a stay of proceedings on the payment of the penalty of two of the bonds. *Buller,* J. declared that he was not satisfied with the decision in *White* v. *Sealy ;* and cited *Elliot* v. *Davis,* (*Bunb.* 23,) *Collins* v. *Collins,* (*Burr.* 820,) & *Holdipp* v. *Otway,* (2 *Saund.* 106) where the plaintiff had been allowed to recover more

than the penalty by way of damages, being the interest due by the condition of the bond, or costs. And the Court refused a stay of proceedings. Another case (*Knight* v. *Maclean*, 3 *Br. Ch. Rep.* 596) came before *Buller*, J. sitting for the Lord Chancellor, and exceptions were taken to the report of the master, because in calculating interest on a bond for the payment of money, he had only computed interest to the amount of the penalty ; and *Buller* allowed the exception, deciding that the master should have gone on with the interest, notwithstanding it might exceed the penalty ; and he said that *White* v. *Sealy* went upon the defendants' being sureties. But Ld. *Thurlow*, the Chancellor, on a re-argument, overruled the exception, on the ground that the penalty was the extent of the obligor's liability. He had just before decided the same thing in *Tew* v. *The Earl of Winterton*, (3 *Br. Ch. Rep.* 490.) The question came again before the K. B. in *Wilde* v. *Clarkson*, (6 *T. R.* 303,) on a bond to indemnify the parish against the maintainance of a bastard child. The motion was, that satisfaction should be entered on payment of the penalty ; and the case of *Lonsdale* v. *Church* was cited against it. But Ld. *Kenyon* said " I cannot accede to the authority of that case. According to that, an obligor who became bound in a penalty of £1000, conditioned to indemnify the obligee, may be called upon to pay £10,000, or any larger sum however enormous. In actions on bonds, or any penal sums for performance of covenants, the act (8 & 9 *W.* 3. *ch.* 11, *s.* 8,) says there shall be judgment for the penalty ; and that the judgment shall stand for further breaches : but the obligor is not answerable in the whole beyond the amount of the penalty." The authority of this last case, and the corresponding class of cases was expressly recognized by the Court of K. B. in *M'Clure* v. *Dunkin*, (1 *East*, 436,) and by the C. B. in *Hefford* v. *Alger*, (1 *Taunt.* 218.)

The few American decisions that are to be found are also at variance. In *Tunison* v. *Cramer*, (*South. Rep.* 498,) an intimation is given, that there are cases in which a recovery may be had beyond the penalty ; but it was held, in terms, that this could not be against a surety. In *Graham* v. *Bick-*

UTICA,
Aug. 1824.

Clark
v.
Bush.

*ham*, (4 *Dall.* 149, 4 *Ycates' Rep.* 32, *S. C.*) it was decided that where the penalty is not in the nature of stated and ascertained damages, the injured party may recover beyond the penalty.    That case was on a contract not under seal for the transfer of stock. In *Harris* v. *Clap*, (1 *Mass. Rep.* 308,) the same thing was holden of a bond, and against a surety, *Sedgwick*, J. dissenting.    But in *Payne* v. *Ellzey*, (2 *Wash. Rep.* 143,) in debt on a prison bounds bond, against the surety, the Court of Appeals in *Virginia* decided that though the plaintiff may recover less, he can not recover more than the penalty ; and they lay this down as a general rule, without distinguishing between a surety and principal.    In *United States* v. *Arnold*, (1 *Gall. Rep.* 348, 360.) *Story*, J. remarks, " Noticing some contrariety in the books, I think the true principle supported by the better authorities is, that the Court cannot go beyond the penalty and interest thereon, from the time it becomes due by the breach." On error, the judgment in that cause was affirmed by the Supreme Court. (9 *Cranch*, 104, 120, *S. C.*)    But the amount to be recovered was not drawn in question.

The weight of these authorities is, I think, in favour of the doctrine, that in debt on bond nothing more than the penalty can be recovered, at any rate, nothing beyond that and interest, after a forfeiture, even against the principal obligor.

But, admitting the doctrine to apply as laid dow by Ld. *Mansfield* in *Lowe* v. *Peers*, and that an action of covenant would lie on the bond in question, in which form *Bush* might recover the whole amount necessary to a complete indemnity, (*see also Winter* v. *Trimmer*, 1 *Bl. Rep.* 395, *and Perkins* **v.** *Lyman*, 11 *Mass. Rep.* 83 ;) still it is clear that this can hold only as to *M'Cracken*, the principal ; but not against *Barney*, who was a surety, and the extent of whose liability is the penalty of the bond.    All the cases agree in this, with the single exception of *Harris* v. *Clap ;* and this was against the opinion of *Sedgwick*, J.

The plaintiffs are, therefore, entitled to judgment.

Judgment for the plaintiffs.