## EDMUND PARKER ad'r *versus* THOMAS HOLMES.

When a contract not to sue is to be construed as a release.

ASSUMPSIT on a promissory note dated September 27, 1816, for $772,73 payable to Frederick French the plaintiff's intestate in two years with interest annually.

The cause was tried here at October term, 1826, and a verdict taken for the plaintiff by consent subject to the opinion of the court upon the following case.

At the time of giving the said note the defendant executed and delivered to the intestate a deed conveying to the intestate a farm in Peterborough in fee and in mortgage to secure the payment of the said note. On the 15th June, 1819, in consideration of $1200 paid him by David Holmes, the defendant sold to said David his right in equity to redeem said farm and at the request of said David conveyed the said right to Grace Holmes and her heirs. On the 18th May, 1823, the said David Holmes being indebted to the said intestate in the sum of $1200 it was agreed between the said David and the intestate that said David should procure the said Grace to convey said farm to Jonathan Holmes, that said Jonathan should give to the intestate his note for said sum of $1200, and convey said farm to the intestate in mortgage to secure the payment of that sum, and that the intestate should look exclusively to said farm for the payment of the note mentioned in the declaration. In pursuance of this agreement the said Grace conveyed

to said Jonathan on the 20th May, 1823, all her right ; the said Jonathan gave his note to said intestate for $1200 and conveyed the said farm to the intestate in mortgage to secure the payment of that sum ; in consideration of which the intestate agreed to seek his remedy as aforesaid against said farm. But this agreement was not known to the defendant until since the commencement of this suit.

*Parker, pro se.*

*Atherton*, for the defendant.

RICHARDSON, C. J. The question in this case is whether the agreement made between David Holmes and the plaintiff's intestate is an answer to this action. Without stopping to examine the question whether this defendant can avail himself of a parol contract to which he is not a party as a defence we shall proceed to consider what would have been the effect of the agreement had the defendant been a party to it and had it been under seal.

There are cases in which a covenant not to sue amounts to a release. But it is very clear that such a covenant is never a bar except in cases where it can be considered as a release.

Thus when the obligee covenants not to sue the obligor at all, such covenant may to avoid circuity of action be pleaded as a release. 2 Saun. 48, *a. note* ; Cro. Eliz. 623, *Hodges* v. *Smith* ; 1 D. & E. 446 ; 2 Johns. 186, *Cuyler* v. *Cuyler* ; 15 Mass. Rep. 112.

But where there are two obligors, a covenant not to sue one, will not be construed as a release, because that would discharge the other also ; and it cannot be inferred from such a covenant that it was the intention to discharge the debt. 17 Mass. Rep. 584 ; 8 D. & E. 168, *Dean* v. *Newhall* ; 6 Taun. 289, *Hutton* v. *Eyre* ; 2 Johns. 448, *Harrison* v. *Wilcox* ; 1 Cowen 122.

So a covenant not to sue within a certain time does not amount to a release and cannot be used as a defence. 19 Johns. 129, *Chandler* v. *Herrick*.

In the case now under consideration it would be most manifestly contrary to the intention of the parties to construe the contract between David Holmes and French as a release, because a release of the debt would discharge the mortgage. If then a contract had been made between French and the defendant by deed that French should look only to the land, it could not have been used as defence in this action, but the defendant must have resorted to an action for any breach of the contract ; *a fortiore,* a parol contract between David Holmes and French is not to be considered as a release of this action.

It has been urged, that the contract between David Holmes and French may be construed as a release of all remedy on the note and not as release of the debt. But it seems to us that a contract to look to the land if construed as a release of all remedy upon the note must in law be a discharge of the debt, and we are all clearly of opinion that such a contract is not an answer to this action.                *Judgment for the plaintiff.*