# Mills Olcott *vs.* G. Banfill & E. Carlton.

An agreement, made out of court between the parties to an action, that it shall be dismissed at the next term without costs to either party, is not a good bar to the further prosecution of the suit.

Such an agreement, to be of any avail to put an end to the suit, must be upon the record, so that it can be specifically enforced.

This was a writ of review. Olcott brought an action of assumpsit against Banfill and Carlton, and at May term, 1832, recovered judgment for $650 10 damages, and $73 30 costs of suit. Banfill and Carlton then sued out this writ of review, returnable at November term in the same year. At May term, 1833, Olcott pleaded in bar of the action of review, that after the last continuance, to wit., on the 25th April, 1833, Carlton and Banfill, in consideration that Olcott had then and there agreed with the said Carlton and Banfill to dismiss the said action of review at the then next term, without costs to either party, then and there agreed with the said Olcott to dismiss the said writ of review at the then next term, without costs to either party.

To this plea, Carlton and Banfill replied, that the agreement to dismiss said action of review, in said Olcott's plea mentioned, if any such agreement was made, was made by the said George Banfill with the said Olcott, and that the

said Carlton did not agree to have said action of review dismissed, nor authorize the said G. Banfill to make any such agreement for him, and concluded with a verification.

To this replication, Olcott demurred, and assigned for causes, that the replication neither confessed and avoided, nor traversed the agreement set out in the plea ; and that the replication concluded with a verification instead of concluding to the country.

*Bell*, in support of the demurrer.

Is the plea a sufficient answer to the action of review brought by the original defendants?

It will not be denied, that an action of review is like any other action, subject to the control of the parties ;—that it is competent for them, if they so chose, to put an end to it, and dismiss it from the docket. Such agreements are every day made by the counsel of the parties in court verbally ; a minute is made thereof by the clerk on his docket, and the action disposed of. There is nothing then in the nature of the case to prevent the parties from agreeing, for a proper consideration, to dismiss this action of review from the docket.

The plea states a mutual agreement of the parties made on the 25th April, 1833, to dismiss the action of review at the next term, without costs to either party. This is a disposition of the action by the parties, and is, therefore, valid and effective, unless done away by the replication.

The replication does not deny that the agreement was made as stated in the plea ; but alleges that if any such agreement was made, it was made by the said George Banfill with the said Mills Olcott.

This action of review is brought by George Banfill and Ebenezer Carlton, who are described in the writ of review as co-partners, jointly negotiating in business under the firm of Carlton and Banfill. The whole record is now before the

Olcott
*vs.*
Banfill et a.

court, and it is clear that the plaintiffs in review are a firm, consisting of Carlton and Banfill.

What then is the answer to this plea? Why, that the agreement made by the plaintiffs in review with the defendant was made by George Banfill, one of the co-partners. And why not? Had not one member of the firm for this purpose all the powers of both?

An existing firm, prosecuting a review in the name of the firm, agree to dismiss the suit ; and when that agreement is pleaded, as it is in law and in fact, as the contract of the firm, the answer is, that it was made by one of the firm, although it is not denied that it was made, as stated in the plea, on behalf of the partnership.

We say that this is no answer whatever to the plea. The competent parties made a lawful agreement, and it is no answer to that to say that all the partners did not join personally in the act. *Watson on Partnership*, 229.

But the replication goes further and says, "and that said Ebenezer Carlton did not agree to have said action of review dismissed." And what then? The firm agreed to have it dismissed. That is not denied. The firm are competent to give their consent and bind themselves in all matters within the scope of the partnership, by either partner. This is not denied. But it is merely alleged that Carlton did not agree, as an individual. But as such he had nothing to do with the matter ; and as a member of the firm he is of course bound by the act of his partner.

But the replication goes further, and alleges " that the said Carlton did not authorize the said Banfill to make any such agreement for him." Well, what then? On what pretence can the validity of the agreement stated in the plea as made by the co-partnership be made to depend on Carlton's authorizing Banfill to make it? It was a company concern, and as such under the control of either partner. And what either partner did in regard to it, without fraud or mistake, must of

course bind the firm. It needed no new authority from the other partner to give it legal validity and effect.

We consider, then, that the plea is right in substance and form, and remains unanswered by any thing in the replication.

But it may be said that the agreement stated in the plea cannot be recognized by the court, so far as to give it effect in this case; but the parties must be left to enforce it by action. This is not, however, the course to be pursued, when there is no reasonable doubt left on the minds of the court. The agreement of parties to dismiss actions, put upon the record during the term, is recognized in practice every day. Nothing is more common than to enforce specifically agreements put upon the record. 2 *N. H. R.* 520, *Alton* vs. *Gilmanton;* 4 *N. H. R.* 370, *Fernald* vs. *Ladd.*

It is a well established principle of policy in the administration of justice, to avoid multiplicity as well as circuity of actions. For this reason a covenant not to sue has been construed a release.

In this case, the agreement is now confessed on the record, as made by one of the firm understandingly, with no notice to the other side of his want of power or right, and for a valuable consideration. It is, therefore, now just as certain and as much of record as if Carlton had himself appeared in court, and ordered the clerk to make an entry to dismiss the action without costs to either party.

The replication admits all that is not denied—and so far is not denied. Why, then, should the party be put to the trouble and expense of the trial of the review,—the only effect of which would be to turn him round to his action against the firm for the breach and violation of their agreement? The whole expense of this may be now avoided by entering the action dismissed, according to the agreement.

*J. Smith,* for the plaintiffs in review. Whatever may be the defects of the replication, it is a sufficient answer to the plea. A bad replication is a good answer to a bad plea.

What is this plea? It is easier to tell what it is not, than what it is. It is not a plea of release. It is not a plea of accord and satisfaction.

In fact, it is an attempt to try a collateral agreement made between the parties out of court, in relation to a suit pending in court, which agreement is denied by one of the parties.

The court cannot enforce such an agreement specifically in this case, in any way, but must leave the party to his action on the agreement. It is not an agreement of record. If it stands admitted upon the pleadings, it stands admitted not for the purpose of being specifically enforced, but for the purpose of testing its sufficiency as an answer to the action of review. It cannot be sustained upon principle as an answer to the action. An agreement to dismiss the action is not a release of the right of action.

RICHARDSON, C. J., delivered the opinion of the court.*

We shall in the first place examine the question, whether the plea is in law a good answer to the action. For if it be not, it will be unnecessary to consider the merits of the replication.

A covenant not to sue is in many cases construed to amount to a release. And an agreement not to sue, although not by deed, may perhaps, if founded on a good consideration, amount to a release. 2 *Saunders* 48, *a ;* 8 *Johnson* 54, *Phelps* vs. *Johnson ;* 8 *D. & E.* 168, *Dean* vs. *Newhall ;* 19 *Johnson* 129, *Chandler* vs. *Herrick ;* 4 *Greenleaf* 421, *Walker* vs. *M'Cullock ;* 8 *Mass. R.* 480, *Ruggles* vs. *Patten ;* 7 *Cowen* 48, *Dearborn* vs. *Cross ;* 1 *H. Bl.* 21, *Camden* vs. *Edie ;* 1 *D. & E.* 388, *Exec'rs of Wright* vs. *Nutt ;* 2 *John.* 186, *Cuyler* vs. *Cuyler ;* 7 *ditto* 207, *Rowley* vs. *Stoddard ;* 2 *ditto* 448, *Harrison* vs. *Close ;* 5 *East* 230, *Fitch* vs. *Sutton.*

In this case, the agreement is stated as a mutual agreement. The promise on the one side is a good consideration for the promise on the other side.

* PARKER, J., having been of counsel did not sit.

An agreement not to prosecute a writ of review at all may perhaps be considered as a release of the right of review. 6 *N. H. R.* 205. But an agreement to dismiss a writ of review is not in itself a release of the right of review. An agreement to become nonsuit has never been considered as a bar to another action.

An agreement to dismiss an action is not equivalent to a retraxit. A retraxit is a voluntary acknowledgement, upon record, by a plaintiff present in court, that he has no cause of action. It cannot be by attorney. 8 *Coke* 115, *Bucher's case; Cro. James* 211; 1 *Pick.* 371; 3 *Bl. Com.* 296; *Co. Litt.* 139, *a.*

An agreement to dismiss an action is not in itself an admission that a plaintiff has no cause of action. And an agreement to dismiss a writ of review is not an acknowledgement that there is no legal ground for reversing the first judgment.

Nor can an agreement to dismiss a writ of review be construed as an agreement not to prosecute another writ. If in this case the actual agreement was that no writ of review should be further prosecuted, it should have been so pleaded. Thus pleaded, it might perhaps have been a good bar. But it is not so pleaded.

An agreement to dismiss an action can in no case be of any avail to defeat the suit, unless it is put upon the record, so that it can be specifically enforced. It can never be pleaded as a bar.

The plea in this case is then defective in substance, and the matter it contains is in itself no bar to the further prosecution of this action.