Judge Ewing
delivered the opinion of the Court.
Blackburn, the former partner of the firm of Blackburn & J. J. McNeal, brought an action of covenant against the administrators of the latter, for a breach of an obligation, executed by their intestate and one Lorenzo McNeal, to him, binding themselves, in the penalty of one thousand dollars, to pay off and discharge all the outstanding debts of the late firm.
Upon a writ of inquiry, the jury found a verdict for one thousand dollars, in damages, for which a judgment was rendered. The evidence having been spread on the record, the defendants have brought the case to this Court for revision.
The declaration is exceedingly informal, and fatally defective in one or more particulars. The outstanding debts owing by the late firm, to several individuals, are averred in blank as to the amount. Among them is a debt due to Lorenzo McNeal, one of the obligors, in the covenant sued-on, which is proven, in the testimony, to be five or six hundred dollars.
It was evidently the intention of the parties, and the only object of the covenant, to secure the plaintiff below, against all responsibility to pay any of the outstanding debts of the late firm. If, therefore, by the legal effect of the covenant, he was released from his obligation to pay the debt to Lorenzo McNeal, or otherwise discharged from all responsibility on account of it, he ought not to recover any thing on the breach, for the failure to pay that debt.
A covenant not to sue one of several co-obligors, is, in legal effect, a release of such obligor. This construction has been adopted by the Courts, to avoid a circuity of action. For it is said that, “ if in such a case a par *171 ty should sue, contrary to his covenant, the other party would recover precisely the same damages which he sustained by the other’s suing. Cuylor vs. Cuylor, 2 John. Rep. 187; Cro. Eliz. 352; 5 Ba. Ab. 683; 8 Term Rep, 171; Rowley vs. Stoddard, 7 John. Rep. 209; and the authorities there referred to.
A general’verdict upon a dec'n, in covenant, containing an insufficient breach , cannot be sustained. It is error to render a judg’t on such a dec n & verdict.
So a covenant to procure and cancel a note outstanding, in favor of the covenantor, against the covenantee, has been construed, for the same reason, to amount to a release. Phelps vs. Johnson, 8 John. Rep. 58.
Now, the covenant of Lorenzo McNeal is in effect a covenant to pay himself. And should he sue Blackburn, and recover the amount of his note against the late firm, Blackburn could sue him and recover, on his covenant, for a breach in failing to pay this debt, precisely the same amount in damages. For he would be injured to the same extent that he could be made responsible for this debt. To avoid, therefore, a circuity of action, the covenant to pay this debt should be construed a release of Blackburn from all responsibility to pay it, and being so, as completely exonerated him as if the debt had been in fact paid according to the stipulations of the covenant. If so, Blackburn could not be subjected to any damages on account of this debt, and could not, therefore, recover any from either of the ob-ligors. For his recovery, in any event, could only be commensurate with the damages which he had sustained, or might be liable to sustain.
He had, therefore, no cause of action for or on account of this debt; and his breach, charging the defendants with a failure to pay it, is defective, and his general verdict upon a declaration containing this defective and insufficient breach, is bad; and the Court erred in rendering a judgment upon it. And it is evident that injustice has been done, as it is clear that, if this debt be excluded, the verdict greatly exceeds the amount of the outstanding debts of the late firm, proved on the trial, even if it were conceded that the amount of those debts unpaid, or otherwise unsatisfied, formed the criterion of his damages.
A covenant to pay all the joint debts of the parties , does not hind the coven-antor to pay any of them before they are due,nor until a reasonable time after.— A dec’n, on such a covenant, that does not aver that any of the debts had become due, is defective.
Again: It is clear that, according to any fair interpretation of the covenant sued on, the defendants below were not bound to pay the outstanding debts before they became due, nor until a reasonable time after they had fallen due. And there is no averment in the declaration that they became due a single day before the suit was commenced. It is not, therefore, made appear in the declaration, that a reasonable time for their payment had elapsed, before suit brought.
For these errors, the judgment of the Circuit Court must be reversed, and the cause remanded, that the judgment may be arrested, and further proceedings had.
And as the two other debts recovered for, were both in suit, and in all probability are discharged before this time, and as the case may be made to assume a new aspect, on a second trial, it is deemed unnecessary now to determine, ,what is the proper criterion of damages in such a case as the one now presented.