The opinion of the Court was delivered by
Wardlaw, J.
This case has been submitted almost without argument, certainly without the citation at the bar of any authority on either side. The Court has examined it with as much care as time would permit, and with some division, sustains the ruling made on the circuit. Eor authority reference is made to the cases of Coe vs. Hutton, 1 Serg. & R. 408; Cuyler vs. Cuyler, 2 Johns. 186; Pierce vs. Parker, 4 Met., 90; Reed vs. Tarbell, 4 Met., 95. No doubt is entertained that the indorser of a note existing in the hands of a holder, may by apt words release all right of action which by subsequent payment of the note such indorser might acquire against the maker. The doubt is felt only as to the construction of the release made by Potter, the indorser in this case. Does it so plainly include his inchoate right in the note of Lopez indorsed by him, that without intent found by the jury, the Court should say that such right is barred ? A majority of us think that the words “ claims and causes of action in law or equity” are so comprehensive as to cover an indorser’s contingent demand against a maker; and that the intent must be collected from the paper, and could not be the subject of extrinsic evidence.
Under this view, the right of the present plaintiff, derived from Potter after the release, was barred. Potter must be considered at the time of his action, as a creditor whose cause of action had not yet become complete; and the sub *203 sequent completion of it by bis payment to tbe bank, must have relation back to the release so as to constitute the contingent liability of the maker to him a debt by promissory note. The assignment, although it speaks of ratable division among creditors, expresses “ a proportion to their respective debts,” by note, bond, &c., wherein the assignor is principal debtor; and is just as if it had directed a division amongst such notes, bonds, &c., according to their several amounts. The bank, holder of the note now in question, could not have been expected to release the indorser by releasing the maker; and it would be contrary to what seems the intention of the assignment to hold that the sole indorser could not by acceptance and release, entitle this note to a share of the assets to be distributed, without previous payment of the note in full.
The motion is dismissed.
■WITHERS, G-loyee, and Moteo, JJ,, concurred..

Motion dismissed.