[*406]      *HODGES *against* SUFFELT.

In an action of debt on a bond conditioned for the performance of covenants, the plaintiff must assign *breaches,* and have the damages assessed, and may then enter judgment for the penalty *pro forma,* and issue execution for the damages and costs ; and if the damages are assessed at *six cents,* he will be entitled to nominal damages for the detention of his debt, and may enter up judgment for the penalty so as to recover full costs.

VAN VECHTEN moved to set aside the judgment and execution in this cause, and for the costs of this action, in favor of the defendant. It was an action of debt on a bond, with a penalty, conditioned for the performance of covenants. The defendant pleaded performance, and at the trial the jury gave a verdict for *six cents* damages. A judgment was entered for the penalty with full costs, and execution issued to levy the six cents, with the full costs.

*Foot,* contra.

*Per Curiam.* The act, (see Rev. Laws, vol. 1, p. 349, 24 sess. c. 90,) is *compulsory* on the plaintiff in all cases within it. (2 Wils. 377. Cowp. 357. 5 Term Rep. 538, 540 to 636. 8 Term Rep. 127.) The jury, in this case, ought, therefore, to have assessed six cents damages for the detention of the debt, and that, on a judgment for the penalty, would have entitled the plaintiff to costs, and also damages for the *breaches* of the covenant under the act. It is understood that the six cents damages was meant by the jury for the breaches. If so, and the other six cents being of course, the judgment, *in form,* is still for the penalty, for the act says, " the judgment shall be entered as heretofore," &c. But the plaintiff can only recover on the execution the damages assessed ; but as the judgment is for the penalty, he recovers full costs. If, then, the fact be, in this case, that on the record the damages are stated to be, only *for the detention of the debt,* there ought to be a *venire de novo,* as in *Drage* v. *Brand,* (2 Wils. 377,) and *Hardy* v. *Bern,* (5 Term Rep. 636.) But the notice, and the motion of the de-

fendant is not for a *venire de novo*, but merely to be relieved against the *costs.    We are not, therefore,    [*407] *now* to inquire into the regularity of the entry on the record, the judgment being for the penalty, the costs follow of course.    Nor would it avail the defendant, if he had moved for à *venire de novo* for *nominal* damages must *then* be given on the breaches, and the judgment being, *pro forma*, for the penalty, full costs. would also be given.    The motion must be denied.

Motion denied.(a)

(a) [Old note.]    See *Caverley* v. *Nichols and Brown*, 4 Johns. Rep. 189. *Van Benthuysen* v. *Dewitt and another*, 4 Johns. Rep. 213.    [Add: see *Munro* v. *Allaire*, 2 Caines' Rep. 320.    See Graham's Prac. 2d ed. 717, 718.