Judge Cabell
pronounced the opinion of the Court*
The Court is of opinion, that the second plea is bad; for, the administration in North Carolina did not give the administrator appointed there, a right to sue jointly with the administrator appointed in Virginia.
The third plea is also bad; for, if any damages had been sustained, it was not necessary that they should be previously assessed in some other action, to justify an action on the bond.
The fourth plea is also bad. The administration in North Carolina gave no right whatever to sue in this State; much less did it destroy the right of the administrator appointed in Virginia, to sue here.
The fifth plea is not less free from objection. Since the Act of 1785, 12 Hen. Stat. at Large, 148, the certificate of probate or of administration granted by a Court of this State, and attested by the clerk, will enable the executor or administrator to act, and may be produced or given in evidence in any Court within this Commonwealth, and be as effectual as any probate or letters of administration, made out in due form.
But the Court is of opinion, that the declaration also is defective. The action was upon an attachment bond, the *161 condition of which was, that the defendant should pay all costs and damages that might accrue from wrone-fullv sninocrued, &c.” But, there is no averment that the attachment was wrongfully sued out, or that any costs and damages had been sustained. The mere allegation that the defendant had failed to pay the costs and damages that had accrued, is not a sufficient foundation for inferring that costs and damages had been actually'sustained. A direct averment was essential.
Upon the principle, therefore, of going back to the first fault, judgment was rightly entered for the appellee, on all the demurrers, and is therefore affirmed.

 Absent, the Prisieeht, and Judge Caiui.