*By the Court,

Nelson, J.
The sheriff was not bound to discharge the sureties from their bond for the faithful conduct of the deputy upon the application made to him, unless he chose to do so ; and the agreement set up in the plea is inoperative, for the want of consideration. The defendants do not aver that the sheriff released and discharged them from the bond. Such language might imply an instrument under seal, and of course a sufficient consideration to sustain it; but they merely set up an agreement that he would release and discharge them from being such bail.
Whether the performance of covenants contained in a sealed instrument can be discharged by s. parol agreement between the parties or not, is a question not involved in this plea. The cases seem to leave it in a little obscurity and doubt. 3 Johns. R. 528. 14 id. 330. 7 Cowen, 48. The law was once understood to be settled, that an unexecuted parol agreement could have no such effect, eodem modo quo oritor, eodem modo dissolvitur. 5 Bac. tit. Release, 682. 1 id. 43. Cro. Eliz. 697. Cowp. 47. 2 Saund. 48, n. 1. And the above cases in this court do not necessarily conflict with this principle. But it is quite certain that a parol agreement between the parties, without a good and sufficient consideration, cannot have the operation given to it in the plea.
- The declaration, however, in this case is substantially defective. The bond declared on falls within the statute requiring an assignment of breaches in the declaration, and this is imperative and indispensable. 2 R. S. 378. Wendell, 345. The only doubt is whether the plaintiff does not, on the record show himself entitled to nominal damages, which the jury are bound to assess, and which would give him costs; and for aught appearing, he may be satisfied with such disposition of the case. Hodges v. Suffelt, 2 Johns. Cas. 406. But we are clearly of opinion that, according to the terms and legal import of the act, the suit cannot be sustained upon any bond or instrument within it, unless the breaches for which the plaintiff seeks to recover are specifically assigned in the declaration, if properly objected to by the defendant; for it is only thedamages arising upon such breaches that can be Recovered or collected, and the assessment of them must be upon such as are assigned. 2 R. S. 378, § 5, 6, 10. The jury would not be authorized to assess six cents damages upon a declaration like the one in question.
Judgment for defendant, with leave to plaintiff to amend, on payment of costs.