B.

APRIL TERM, 1795.

## Platt *v.* Platt.

*Benfon J.* THE Pleadings in this Caufe are, *Narr.* intitled of October Term, 1794, in *Affumpfit* charged, 1ft. September, 1794, *Plea* in abatement, that on the 28th January, 1793, the Defendant was taken and detained in Prifon under the Cuftody of the Judges and Affiftant Juftices of the Court of Common Pleas for the County of Weft-Chefter, by Virtue of a Plaint levied againft him in that Court at the fuit of the Plaintiff; that the Plaintiff *declared* againft the Defendant on that Plaint, and the plea fet forth the *Declaration* at large, which is fimilar to the *Declaration* in this Court, (with this Difference only, that in the latter

there is an addition of a Count on an *Infimul compu-taffet*, and in the former the *Affumpfit* is charged on the 1ft January, 1793;) that the Defendant fued out of this Court an *Habeas Corpus* for removing the Caufe, tefted the 9th, and allowed the 27th Auguft, 1794, and returnable the enfuing October Term; that the *Habeas Corpus* was returned in that Term: and fetting forth the Return which is in the ufual Form; that thereupon the Defendant was delivered to Bail in this Court at the Suit of the Plaintiff in the Plea aforefaid, whereupon the Plaintiff exhibited the Bill aforefaid in this Court againft the Defendant in the Plea aforefaid; that inasmuch as it appears by the Bill here, that the Caufes of Action fpecified in the Bill, had not accrued before the Term of the Caption of the Defendant by virtue of the Plaint, nor before the time when the Plaintiff *declared* on the Plaint, nor before the day of the *Teft*, nor before the day of the Allowance of the *Habeas Corpus*, the Plea therefore concludes by praying Judgment of the *Bill*, and that it may be quafhed; *Demurrer* to the Plea, and *Joinder* in *Demurrer*.

" It is regularly true that if the Plaintiff " will himfelf difcover to the Court any thing, " whereby it may appear that he had no Caufe of " Action when he commenced it, his Writ fhall " abate; of his own fhewing, it is againft him." *Hob.* 199. Or as it is expreffed by an ancient Lawwriter, " The Writ alfo falls, if at the time of " iffuing there was no Caufe for iffuing, becaufe, " at the time of dating and iffuing, the Demandant " had no competent Action or Caufe for de-

manding."    *Bract.*  414, *as cited in Theloal's Digeft. Lib.* 4. *Ch.* 5. *Par.* 3.   The Queſtion therefore between the Parties in the preſent Caſe is, whether the Defendant ſhall, *to that Intent*, where the Suit hath been removed by *Habeas Corpus*, alledge any act of the Plaintiff, or other Proceedings, in the Court below, or the *Teſt*, or the Allowance, of the *Habeas Corpus*, as the *Commencement* of the Suit?   This Queſtion depends on another, viz. Whether, where a Suit is removed by *Habeas Corpus*, it does not then become a *new* Suit in the Court above, or whether it is not to be conſidered as the *ſame* Suit, *commenced* in the Court below, and *continued* in the Court above?   With reſpect to this Queſtion, it is clearly laid down,  " that the Record itſelf is " never removed by *Habeas Corpus*, but remains " below, and therefore the Plaintiff muſt *here* be- " gin *de novo*," *Salk.* 352. and muſt not only " *declare de novo*," but in the Common Bench, muſt " bring a *new* Original."   It is part of the Condition of the Recognizance of Bail on an *Habeas Corpus* in that Court, " That the Defendant ſhall appear to a *new* " *Original* to be filed." *Inſtr. Cler.* 409.   *Inſt. Legal.* 237.   *Imp. Pract. Com. Pl.* 641.   And I ſhould ſuppoſe, if it is *now* neceſſary to comply with mere Formality or Fiction, that where the Proceedings are *by Bill*, as diſtinguiſhed from where they are *by Writ*, that the *Bill* " on which the Proceſs *uſed* to iſſue againſt the Defendant," which is " to warrant the " Declaration," and which, as analogous to the *original Writ*, is ſaid to be  " the Ground-work of " the Cauſe," ought to be filed *de novo*.   *Boote's*

*Suit at Law.* 14. 17. 34. And although where a Suit hath been commenced within the requifite Period and removed by *Habeas Corpus,* and the Period fhould expire before the Declaration *de novo* filed, and thereupon the Defendant plead the Statute of Limitations, " the Plain-" tiff may reply the Suit below," [*Salk.* 424.] and in like manner, where a Suit is commenced within the Period, and abated by the Death of the Plaintiff before Judgment, the Period being then expired, " this fhall not prevent his Executors;" yet, the Reafon is not, that in the former Cafe the Suit above is a Continuance of the Suit commenced below, or that in the latter Cafe, the Suit by the Executor is a Continuance of the Suit commenced by the Teftator, but merely to fhew, that the Plaintiff " had rightfully and legally *purfued* his " Right." And I fhould fuppofe, for the fame Reafon, that where *Priority* of Right attaches on bringing a Suit, and a Suit fhould be brought and be removed by *Habeas Corpus,* and in the intermediate time, between bringing the Suit in the Court below and filing the Declaration in the Court above, another Perfon fhould bring a Suit againft the Defendant for the *fame* Caufe, and the Defendant fhould plead that *Matter* with Intent to *ouft* the Plaintiff of his *Priority,* that the Plaintiff might reply, the Suit commenced in the Court below. The truth is, that whenever Right or Juftice may require it, a Suit, removed by *Habeas Corpus,* may, to *certain intents,* be made to relate to the Suit below, but not to it as to the *fame* Suit *technically continued,* or on the Proceedings in

which any of thofe in the Court above, are *founded*, in the Senfe that the Count, Narration, or Declaration is faid to be *founded* on the Writ, or Bill, or Plaint, whichever may be the *original* Procefs.

There is poffibly another Queftion between the prefent Parties, viz. whether the Rule is not to be taken *ftrictly*, that the Defendant cannot avail himfelf of it as *pleadable*, unlefs the Plaintiff *himfelf difcover* that he had no Caufe of Action when he commenced it ?  *Hob. ut fupra.* In which however, I fhould underftand to be comprehended, as well what the Plaintiff muft in the *firft Inftance* put on the Record, as what he is *bound* to difcover on *Oyer* prayed by the Defendant, and alfo whatever the Defendant may *elect* to alledge *himfelf* inftead of *praying Oyer* of it from the Plaintiff, but of which, if it had been prayed, the Plaintiff was bound to give *Oyer.  Thel.  Dig.  lib.* 10, *Ch.* 4.   *Brown Lat. red.* 1, *pl.* 3.   *Id.* 2, *pl.* 6.   *Form. bene. plac.* 3. If the Law is fo, and I am inclined to think it is, then it is fatal to the Defendant's Plea ; becaufe, (and which it is to be remarked, is decifive, that the *Procefs* is not *continued* from the one Court to the other, there being no fuch thing, where a Caufe hath been removed by *Habeas Corpus*, as *Oyer* in the Suit in the Court above of any of the Matters in the Suit in the Court below,) the Defendant hath no legal *Mean* to make the Matter *of variance*, (for of that *Nature* is the *Matter* of the Plea in this Cafe,) appear on the Record. *Theloal's Dig. Lib.* 9, *Chap.* 5.

I wifh, however, to be confidered, as not hav-ing come to a decided Judgment, on this Point; my Opinion againft the Defendant, is grounded, wholly on what I have previoufly advanced.

I think the Plea is infufficient, and therefore, that the Defendant anfwer over.