MAGHEE *vs.* KELLOGG and others.

*Assumpsit* lies to recover back money collected under a judgment subsequently reversed on error ; and the action lies against the *real parties plaintiffs,* where the suit was prosecuted in the name of a *nominal plaintiff:* e. g. by assignees of a chose in action in the name of the assignor.

THIS was an action of *assumpsit* upon the money counts, tried at the New-York circuit in February, 1838, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The defendants, as the assignees of a judgment, recovered by *David Field* against *Emma Boyer* for about $670 damages and costs, commenced a suit in the court of chancery, in the name of *Field* as complainant, but for their own benefit, against the plaintiff and others.   In the bill filed it was alleged that a conveyance of certain lands, which had been made by Mrs. Boyer, the judgment debtor to the plaintiff in this suit, was fraudulent and void as against the complainant, who was a judgment creditor.   The defendants in chancery, among other things, alleged in their answer that the judgment had been assigned to the defendants in this suit.   Replications were

filed, and orders to produce witnesses entered, but no proofs were taken by either party. In May, 1831, the cause having been brought to a hearing, the vice chancellor made a decree, declaring the conveyance from Mrs. Boyer to the plaintiff fraudulent and void, and directing the land to be sold, and the money applied, in part, to the satisfaction of the complainant's judgment and the costs of the suit in chancery. The land was sold under the decree, and in August, 1831, a part of the proceeds of the sale, amounting to $995,73, was paid over to the solicitor employed by the defendants in this suit to carry on the proceedings in chancery. The solicitor retained *his costs, and paid over the balance, $812, to the de-      [ *33 ] fendants. On appeal to the chancellor, the decree of the vice chancellor was, in May 1834, reversed; but the reversal was not to prejudice the title of the purchaser under the decree. It was further ordered that the plaintiff in this suit be restored to so much of the purchase money, as had been paid over to the solicitor as abovementioned. The decree was, in December, 1834, affirmed in the court of errors. The plaintiff then brought this action to recover the money which had been collected out of her property, and paid over to the defendants under the order of the vice chancellor. The defendants moved for a nonsuit, which was refused. Verdict for the plaintiff for $1446,85. The defendants now move for a new trial on a case.

*S. Stevens*, for defendants.

*J. Edwards*, for plaintiff.

By the *Court*, BRONSON, J. It is settled, so far as this court is concerned, that money paid on a judgment which is afterwards reversed on error, may be recovered back in an action of *indebitatus assumpsit*, for money had and received to the use of the party who paid it. *Clark* v. *Pinney*, 6 *Cowen*, 287. But it is said in this case, that the action should have been brought against *Field*, the nominal complainant in the court of chancery, and not against the defendants, who were his assignees ; and the case of *Lyman* v. *Edwards*, 2 *Day*, 153, is relied on by the defendants. That case has already been questioned in this state, *Field* v. *Maghee*, 5 *Paige*, 539, and I think we ought not to follow it. The courts in Connecticut have not gone so far as we have, in recognizing and enforcing the rights of the assignee of a chose in action : and if they look only to the nominal plaintiff when the assignee asks protection, the principle should be applied throughout, and the assignee should not be subjected to any burden. But in this state, nothing remains of the old doctrine that a chose in action is not *as-      [* 34 ] signable, but the formal remnant which requires the assignee to sue

in the name of the original creditor.　The rights of the assignee are recognized and protected as fully as though he were the plaintiff on record : and on the other hand he is liable for costs if the suit fails, and should, upon principle, be subjected to all the burdens which may result from the litigation. He is the real party ; and if we regard him as such when his interest requires it, common justice demands that he should be so regarded throughout. If we allow the assignee to say he is the owner of the debt, when the defendant sets up a discharge by the nominal plaintiff, there is no principle which will permit him to thrust forward the nominal plaintiff, when the defendant ultimately prevails in the litigation.

There is nothing in the case which will warrant us in saying, that this was a mere hypothecation or pledge of the judgment against Mrs. Boyer, by way of security for a debt due to the defendants from Field.　Whether taken on account of a debt or not, it seems to have been an absolute assignment of the judgment, leaving no interest in the assignor : and although the bill to enforce payment of the judgment was filed in the name of Field, the suit was commenced by the defendants, and for their own benefit.　When the money was collected under the decree, they took it ; and now, after the decree has been reversed, they must account to the plaintiff whose land was sold to raise the money.

But it is said, that it was adjudicated in the court of chancery that Field was the real party, and that the plaintiff is not now at liberty to assert the contrary.　It is undoubtedly true, that the rule at law, that an assignee of a chose in action cannot, in general, sue in his own name, does not prevail in courts of equity ; and if the allegation in the answer that the judgment was assigned, had been proved, the chancellor would, no doubt, have dismissed the bill, or ordered the assignees to be made parties.　But nothing was adjudged in the court of chancery on the subject, for the obvious reason that the assignment was neither proved nor admitted in that suit.

[ *35 ]　The objection set up in the answer was a *merely formal one.　The merits of the controversy were precisely the same, whether the suit was prosecuted by Field, or by the assignees ; and I cannot think the plaintiff is estopped from asserting, that the defendants were the real parties in that suit, because she did not then persists in her formal objection, and compel the defendants to appear in their own names.

These are the only questions which were discussed on the argument.

New trial denied.