*George H. Winsor* v. *Daniel Orcutt, Jun., et al.* The *same* v. *the same.* A. J. PARKER for appellant; H. VANDER LYN, for respondents.(*)

THE CHANCELLOR. These cases came before me upon appeals from the decrees of the vice-chancellor of the fifth circuit, dismissing the complainants' bills, with costs, upon the ground that the amount in controversy in each suit did not exceed $100 besides costs.

As to amount of matter in controversy requisite to give court jurisdiction.

The vice-chancellor is unquestionably right in supposing that these are suits concerning property, within the provision of the Revised Statutes in relation to the jurisdiction of this court. The object of each suit is to set aside a release given by one of the nominal plaintiffs in an action at law, commenced to recover upon a bond. The rights of action, if any existed upon the bonds, were choses in action, and were property; and the suits to set aside the releases of such choses in action, were suits in this court concerning property, as contradistinguished from suits for divorces or other mere personal rights.

The bills do not show what amount the complainant claimed to be due for damages upon the attachment bonds, or that he had in fact sustained any damages by reason of the attachments, or whether costs were awarded upon the quashing of the proceedings before the justice, or that any property belonging to the complainant had been attached so as to give him any right of action whatever upon the bonds. The bill merely states, that suits by attachment were commenced and bonds were given, and that the constable levied on certain property *as* the individual property of Winsor; not that the property levied on was in fact his property, or in his possession. And the complainant then states the commencement of the suits in the supreme court by declarations for the purpose of collecting the amount of damages which Winsor had sustained by reason of the commencement of the attachment suits and the proceedings thereon, but without stating what such damages were, or how they had arisen, or whether the declarations in the supreme court showed any

right of action whatever. The complainant appears to have proceeded upon the supposition, that the defendant in an attachment suit was entitled, of course, to recover some damages upon the bond, if the plaintiff failed to recover judgment against him. The condition of the bond, however, is not that the plaintiff shall succeed in obtaining judgment, so as to entitle the defendant to nominal damages, if the plaintiff fails in the suit, and pays the costs, if any, which are awarded against him; but the condition of the bond is, to pay all damages which the defendant may sustain by reason of the attachment. To show a right of action upon the bond, therefore, the complainant must own that he had sustained damage by reason of the attachment, and state the manner in which such damage arose; or if costs were incurred or sustained, he must aver that such costs have not been paid, so as to constitute a breach of the condition of the bond. The bills in these cases are fatally defective in these respects, as they do not show that there was any right of action on either of the bonds, or that the conditions thereof had not been fully complied with when the suits in the supreme court were commenced. The complainant was not entitled to decrees in his favor upon these bills, even if the defendents failed to support the allegation in their answer that the amounts in controversy in their suits, respectively, was less than $100.

I am inclined to think, however, that the proof showed that the amount in controversy could not exceed $100 in each suit, if any recovery whatever could be had upon the bonds on the facts proved. It appears in the proofs that the property attached did not belong to the complainant, and that it was not taken out of his possession; but a mere formal levy was made on it by the constable, and that the real owners of the property were present, and claimed it, and gave bonds therefor to the constable, and that he suffered it to remain; that Winsor appeared on the return of the attachments, and pleaded in abatement that the property attached was not his, and that he succeeded in getting the attachments dismissed on that ground; and that the plaintiff in the attachment suits thereupon paid his costs. Even if nominal damages, there-

fore, could have been recovered upon the bonds which were in the penalties of $200, so as to entitle the plaintiff to costs in the actions at law, according to the fee bill of 1840, the costs of both parties in the action upon a mere joining of the issue, could not, at the extent, have exceeded sixty or seventy dollars. And the amount of damages which the complainant was entitled to upon the bond, and the costs of both parties in the action on the bond, was all that constituted the amount in controversy. In any view of these cases, therefore, the vice-chancellor was bound to dismiss the bills ; and 1 think he was right in dismissing them with costs.

· The decrees appealed from must, therefore, be affirmed with costs.

