In Special Term — Before Judge STORER.

[Action for damages, upon an undertaking in attachment.]

### BRUCE *vs.* COLEMAN et al.

1. The defendant in attachment, when a right of action has accrued upon the undertaking filed by plaintiff, under the § 193 of the Code, is not required to ask leave of the Court to obtain the possession of the undertaking, before he can commence his action.

2. The action upon the undertaking does not preclude the defendant from instituting another suit for a malicious prosecution.

3. It is sufficient to aver in the petition, that the attachment was wrongfully obtained, nor is it necessary to state that the attachment was sued out without probable cause. It must appear, however, that the attachment has been dismissed by the Court, or abandoned by the plaintiff.

4. An action can be maintained upon the undertaking, and a recovery had for the damages the defendant may have sustained, though the amount sought to be recovered has not been already ascertained in another suit.

5. In an action upon the undertaking, the recovery should be limited to such damages, as the defendant in attachment may have suffered from being deprived of his property, its loss, destruction, or deterioration, with the costs and expenses he has incurred in the defence of the original suit; for all other damages he must resort to his action on the case.

STORER, J.

The plaintiff states in his petition, that the defendants Morse & Coleman, through the instrumentality of their agent Brown, who, it is averred, made the affidavit required by one of the clauses of § 193 of the Code, wrongfully obtained an order of attachment against the property of the plaintiff, who was then their debtor, to the amount of $1,000. That the attachment was delivered to the sheriff, who seized the defendants' stock of merchandise,

removed the same from his place of business, and detained it from July 1st, 1854, until the February Term of this Court, 1855 ; that the attachment was then dismissed by the Court, and the property levied on ordered to be delivered by the sheriff to the plaintiff in this suit. ·

It is also alleged that there was no just cause for the issuing of the attachment; that the plaintiff has sustained damage thereby, to the whole amount of the undertaking, executed by these defendants, with their surety, at the time the order of attachment issued.

The plaintiff claims to recover the sum secured to him by the undertaking, and asks that judgment be rendered accordingly.

The defendants demur severally. They assume several grounds of defence, which they insist are sufficient in law to defeat the plaintiff's action.

They claim first that no suit can be brought upon the undertaking until leave is given by the Court to obtain its possession, and that fact is not averred in the petition.

The argument to sustain this point is drawn from the practice of Courts of Equity, where the rule referred to has been asserted, and in the English Courts maintained. It is confined to Injunction Bonds only, and is intended to restrain the obligee from an improper use of his security ; the tribunal which has heard the case, and decided it, claiming a very large discretion in permitting its suitors to ask indemnity, in a court of law, for any matter that has been once litigated before the Chancellor. And, the peculiar organization of the courts of equity and common law in Great Britain, their multiplied forms, as also the well defined boundary that separates those tribunals, not only as to jurisdiction, but in the func-

tions of those who administer the law, may well excuse the exercise of this power.

But in this country, there is no propriety, we think, for such a practice. It has never been adopted in Ohio. No suitor has ever supposed it necessary, that a bond, executed for his indemnity, could not be sued upon, whenever a right of action accrued, without obtaining leave of the Court in which it is filed. Such we believe should be the practice now; though, in a proper case, we are satisfied that in dismissing an attachment, we may make it a part of our judgment that no suit shall be brought upon the undertaking. The exercise of that power, however, must always depend upon the peculiar circumstances of each case. The plaintiff in attachment must be without fault.

The question as to the necessity of an order to withdraw the bond for suit was discussed in McNeely *vs.* Carter, 1 *Iredell* 139. In that case Chief Justice Ruffin held, "that a court of law can take no notice of the means, by "which the obligee obtained possession of the injunction "bond; the declaration need not set out an order to de- "liver the bond to the obligee. It is sufficient for the "Court of Law, that the plaintiff has then the bond of "which he makes profert." And this we hold to be the rule that should control our action; more especially when the instrument declared on is within our control, and its improper use may at any time, on motion be restrained.

It is urged secondly, that there is no allegation in the petition, that the attachment was sued out without any probable cause, or that the conduct of the defendant was malicious. If this action could be assimilated to a suit for a malicious prosecution, there would be great force, in this objection; but we apprehend, it is but a statutory

remedy, upon a statutory bond, and the liability is created whenever it appears the condition of the bond is broken, by the affirmation of the fact upon which the right to indemnity is predicated. By the § 193 of the Code it is required that before the order can issue, an undertaking shall be entered into by the plaintiff to pay all the damages the defendant may sustain by reason of the attachment, if the order be wrongfully obtained." This is the language of the undertaking declared on in the present case, and the averment is, the attachment was wrongfully obtained, thereby affirming that the condition of the bond was broken, and asking the appropriate relief.

We suppose the object of the security to the debtor, was to provide indemnity for the direct injury he might sustain by the seizure and detention of his property. To compensate him for any other damages than those that immediately follow the attachment, we do not think was the intention of the legislature, in adopting the remedy, and requiring the security to be entered. An action upon the undertaking does not supersede a suit for any consequential injury to the reputation or feelings of the debtor, growing out of the unjust and malicious conduct of the creditor; this remedy is still preserved, and the injured party may avail himself of its benefits.

This is the ruling of the Court of Appeals of Kentucky, under a Statute very similar to ours. In Petit et al. *vs.* Mason, 8 *B. Monroe* 51, Judge Simson ruled, "that if the defendant obtains an order of attachment wrongfully, the condition of the bond is violated; the plaintiff is not bound to show malice, nor can the defendant rely, by way of defence, upon probable cause. He may properly recover all costs and damages he has sus-

tained, by reason of the wrongful attachment, in the deprivation of the use of his property, its loss, destruction, or deterioration, but for all other injuries he must resort to his action on the case."

The same rule is adopted by the Supreme Court of Alabama. They hold, "that if the plaintiff, under color of the process, do, or procure to be done, what the law has not authorized, and the defendant is thereby injured, it seems clear that he is, in such case, as much as in any other, entitled to redress from the party, whose "illegal" or wrongful act has caused the injury, although it may have been done without malice." Wilson *vs.* Outlaw, *Miner* 347; Kirksey *vs.* Jones, 7 *Ala.* 622. See also 10 *Missouri* 215, Hayden *vs.* Sample; 11 *Paige* 578, Winser *vs.* Orcutt; 24 *Wendell* 31, Dunning *vs.* Humphrey.

We think the principle, established in these cases, commends itself to our judgment, as not only sound but practical, and we cheerfully adopt it.

It is also claimed, that the petition contains no averment that the damages sought to be recovered, have been first liquidated in another action. The practice in this State, in suits upon an official or statutory bond, does not support the position thus assumed by the defendant. We are not aware that it has been claimed, except in actions upon the bond of an administrator or executor, that the amount to be recovered should be ascertained in a prior suit; on the contrary, appearance bail bonds, and injunction bonds, have always furnished, not only the right to the party interested, to sue, but when sued, damages have always been recovered commensurate with the right of action. 3 *Ohio* 607, the State *vs.* Sherman et al.; 7 do. *Part* 1, 123, the State *vs.* Humphrey.

This construction of the law is directly recognized and sustained in 4 *Randolph* 168, Dickenson, adm'r *vs.* Mc Graw; 4 *Alabama* 247, Herndon *vs.* Forney et al.; 8 *B. Monroe* 51, Petit et al. *vs.* Mason; 1 *Iredell* 140, Falls et al. *vs.* McAffee et al.; 24 *Wendell* 31, Dunning *vs.* Humphrey; 11 Paige 578, Winser *vs.* Wood et al. See also *Drake on Attachment*, § 119 to § 170, where the authorities are collected, and the rule very clearly illustrated.

There would seem to be no good reason why the suit upon the bond should not determine the whole controversy. The defendant cannot complain, for he is thus saved unnecessary expense, and circuity of action is avoided. And when we confine the right of recovery to the causes we have already indicated, the issues do not become complicated, nor inconsistent with the fullest examination of the cause of action, as well as its defence.

On the whole case we hold the petition to be sufficient, and overrule the demurrer. Leave is given to answer.

KETCHUM & HEADINGTON, and J. ABRAHAM for plaintiff.

WORTHINGTON & MATTHEWS for defendants.

This case was afterwards tried before GHOLSON, J., at Special Term, on the merits, and a verdict was found for the plaintiff, for $1,000 in damages, $500 of which were remitted, on the suggestion of the Court.