THE STERLING CITY GOLD AND SILVER MINING AND
TUNNELING COMPANY *v.* COCK et al.

DEBT ON BOND IN ATTACHMENT—*for wrongfully suing out the writ.*   An action cannot be maintained upon a bond given pursuant to Revised Statutes, 55, conditioned to pay all such damages as shall be awarded against the plaintiff in attachment in any suit or suits which may thereafter be brought for wrongfully suing out the attachment, until judgment has been obtained against the plaintiff in the attachment suit, and then only for the amount of such judgment.

SAME—*for costs accruing in the attachment suit.*   Upon a bond with condition as prescribed by the statute, an action may be maintained for the costs adjudged against the plaintiff in attachment in the attachment suit, but not if the condition respecting the payment of costs has been omitted from the bond.

AND, *in such action,* it is not sufficient to aver, generally, that the costs in the attachment suit have not been paid, but the amount of such costs should be stated.

*Error to District Court, Arapahoe County.*

DEBT upon an attachment bond, the condition of which was as follows :

The condition of this obligation is such, that whereas the above bounden George E. Cock has, on the day and date hereof, prayed an attachment out of the district court of the first judicial district of Colorado territory, in and for the county of Arapahoe, at the suit of George E. Cock, George Richardson, John Y. Scamman, John Finn and others, doing business as Butterfield Overland Dispatch Company, against the estate of the named Sterling City Gold and Silver Mining and Tunneling Company, for the sum of $5,902.27, and the same being about to be sued out of said court, returnable on the 5th day of October next to a term of the court then to be holden ; now, if the said Butterfield Overland Dispatch Company shall prosecute their suit with effect, or, in case of failure therein, shall well and truly pay and satisfy the said Sterling City Gold and Silver Mining and Tunneling Company all such damages as shall be awarded against the said Butterfield Overland Dispatch Company, their heirs, executors or administrators, in any suit or suits which may hereafter be brought, for the wrongfully suing out the said attachment, and all damages which may accrue to the said Sterling City Gold and Silver Mining and Tunneling Company, by reason of any excessive levy made under any writ of attachment issued in this cause, then the above obligation to be void, otherwise to remain in full force and effect.

Messrs. BROWNE & PUTNAM, for plaintiff in error.

Mr. B. M. HUGHES, for defendant in error.

BELFORD, J.   This was an action of debt brought in the Arapahoe district court, on an attachment bond executed

by George Cock as principal, and John Hughes as security. The defendants below demurred to the declaration, on the ground that it was not averred that any damages had been awarded against the plaintiffs in said attachment in any suit brought for the wrongful suing out of the attachment, according to the condition of the bond.

It will be seen, from this statement of the case, that the only question to be considered is, whether an action can be maintained on an attachment bond, against the principal and sureties, before a recovery of damages in a separate suit against the plaintiff in the attachment. The language of the statute on this subject is as follows :

"Now if the said —— shall prosecute his suit with effect, or, in case of failure therein, shall well and truly pay and satisfy the said —— all such costs in said suit, and such damages as shall be awarded against the said ——, his heirs, executors or administrators, in any suit or suits which may hereafter be brought for wrongfully suing out the said attachment, and all damages which may accrue to the said —— by reason of any excessive levy made under any writ of attachment issued in this cause, then the above obligation to be void; otherwise to remain in full force."

The language of the condition in the bond sued on comports with that above set forth, except in the matter of costs, which is omitted. What are the obligations imposed by the law on persons executing bonds conditioned as above? It seems clear that if the party suing out the attachment shall prosecute his suit with effect, then the persons executing the bond are liable for nothing, except it shall appear that the levy made under the attachment was excessive, and if, being excessive, damages accrued to the defendant in the attachment suit, then the obligors must satisfy these damages, notwithstanding the fact that the attachment plaintiff succeeded in his action.

Failing in the attachment suit, if the plaintiff shall pay the costs in said action, and the damages that shall be awarded against him in any suit to be afterward brought for wrongfully suing out the attachment, and also such damages as

may arise from an excessive levy, then the condition of said bond will remain unbroken, and no liability will exist against those executing it.

This condition contemplates that the damages for wrongfully suing out the attachment shall be recovered — not in the attachment suit, for there is no provision for estimating them in that proceeding. Not in a suit on the bond, for the right to sue on that instrument for these damages only accrues and ripens after they have been awarded, and the party against whom they have been awarded fails to pay.

It is hardly necessary to say that these damages cannot be paid until they are adjudged. Two things must then exist as precedents to the action on the bond for wrongfully suing out the attachment, namely: that the damages have been awarded the defendant for this abuse of the process of the court, and that the party against whom they have been awarded has failed to pay them. When these two things concur, then the right to sue on the bond for this class of damages exists, and not until then.

It may be said that this involves circuity of action, and multiplicity of suits. We admit it. With the policy of this provision of the law we can have nothing to do. Arguments on the grounds of inconvenience and hardship must be addressed to the legislative, and not to the judicial, branch of the government. Until this law is modified we must enforce it, and the hardships which its enforcement will engender may lead to some action on the part of those whose duty it is to alter and make laws. The first breach, assigned in the declaration, is for wrongfully suing out of the attachment. In the view above given, this assignment was clearly bad. In the second, it is alleged that the costs awarded against the plaintiffs in the attachment suit have not been paid. While we are of the opinion that an action may be maintained on attachment bond in the first instance, for the non-payment of costs, we are clearly of the opinion that they cannot be recovered in this case. There is no provision in the bond sued on for the payment of costs. In this respect the bond is not in accordance with the stat-

ute.    There is nothing in the declaration to show what these costs amount to.    It was not sufficient to aver generally that the costs had not been paid, but the amount of the costs for which the obligors were liable to the plaintiff should have been shown.    This defect in this assignment is fatal.    *Glide-well* v. *McGaughey*, 2 Blackf. 359.    There being no error in the ruling of the court below, the judgment is

*Affirmed.*