MATTLER, PLAINTIFF IN ERROR, v. BRIND, ET AL.,
DEFENDANTS IN ERROR.

PRACTICE—PARTIES.

An action on an undertaking in attachment may be maintained against principal and sureties jointly, without first obtaining judgment against the principal.

*Error to the District Court of Arapahoe County.*

PLAINTIFF in error was plaintiff below.   In 1889, Brind (defendant in error) sued out an attachment against Mattler (plaintiff in error) and made an attachment bond, as principal, executed by Adams and DeMange (codefendants in error) as sureties.   The bond was in form as required by statute.   Brind failed to maintain his suit and the attachment was dissolved.   Mattler brought this suit upon the bond against both principal and sureties to recover damage sustained by reason of the proceedings in attachment.   Upon the trial it was objected that the joint suit could not be maintained; that the undertaking of the sureties was collateral, not original, and they could only be held liable after a judgment for damages had been obtained against the principal, and a failure by him to pay.   This view of the law was taken by the court.   A trial was had to a jury, and the court instructed the jury to find for the defendants on the grounds above stated.   This is assigned for error, and the case brought to this court for review.

Mr. D. V. BURNS, for plaintiff in error.

Mr. WILLIS STIDGER, for defendants in error.

REED, J., after stating the facts delivered the opinion of the court.

The only question presented is, whether, under our statute and civil code of practice, recovery can be had against princi-

pal and sureties in an attachment bond in the same original proceeding. The obligation is, "If the court shall finally decide that the plaintiff was not entitled to an attachment, the *plaintiff* will pay all costs that may be awarded to the defendant and all damages he may sustain by reason of the wrongful suing out of the attachment, not exceeding," etc. The trouble arises from the fact that it is not a joint undertaking where all parties to the instrument are obligated to pay in the first instance. The obligation assumed by the statute is that the plaintiff shall pay; hence, the liability of the sureties is secondary, and only attaches upon an award against the principal and a failure to pay.

The question appears to be more one of practice of expediency, than of legal substance. True, it is an undertaking on the part of the sureties that the principal shall perform, and their liability is contingent upon such performance; but whether the principal is sued alone in the first instance, and judgment obtained against him, and he failing to pay, a second suit is instituted against the sureties, or all are joined in the same suit, the legal liability would remain the same, and the sureties would, in either instance, only be held to the performance of the obligation assumed in the bond. If all are sued jointly and a judgment obtained against all, it would still be the debt of the principal, and if paid by him, the sureties would be released. If he failed to pay, the sureties would only be held to their undertaking that the payment should be made. Prior to the adoption of codes, at the common law, there were two well defined lines of decision upon the same and analogous statutes. In Ohio, *Bruce v. Coleman*, 1 Handy, 515; Alabama, *Herndon v. Forney*, 4 Ala. 243; Illinois, *Churchill v. Abraham*, 22 Ill. 455; Tennessee, *Jennings v. Joiner*, 1 Colo. 695; Virginia, *Dickinson v. McGraw*, 4 Rand. 158, where it was held that the parties could be joined and suit brought against all in the first instance. In Georgia, Mississippi and some other states the opposite doctrine was held.

In an early case under the common law practice, in this

state, then territory, *The Sterling City Mining Co. v. Cock et al.*, 2 Colo. 24, it was held that suit must first be brought against the principal and a judgment obtained before proceedings could be maintained against the sureties. As far as I can ascertain, this is the only authoritative decision in this state upon the question, and, although it was warranted by a long line of common law decisions, might with equal propriety have been decided the other way. Under our modern practice, modifying and simplifying proceedings, it is very doubtful whether the decision should be followed. It may have been, and seems, to a certain extent, to have been based upon the technical distinctions existing at common law in regard to the form of the action necessary. Upon such an undertaking the only action was debt, and that form of action could only be maintained when the amount was liquidated, rested *in numero*, and such being the law and practice, the sureties upon the bond could not be joined with their principal in a suit to liquidate the amount of the damage sustained, and that, though technical, seems to be the only well founded basis upon which the cases were determined. With all forms of action abolished as in modern practice, there seems, in reason, no foundation for the distinction. As before stated, the legal status and liability of the sureties is in no manner changed. Public policy would dictate, where no legal objection exists, that multiplicity of suits, circuity of action, and double costs should be avoided. It certainly would be as much in the interest of the sureties as of the plaintiff. The participation of the sureties in the liquidation of damages against the principal might greatly inure to their benefit, reducing the amount of their liability in cases where by reason of the insolvency of the principal, or from other causes, he might fail to properly defend. I can find no good legal reason why the parties, principal and sureties, should not be joined in an original action. While there are many cogent reasons why they should, there is no statute forbidding it, and to allow it to be done, would not only greatly simplify and facilitate pro-

ceedings and save cost and trouble, but would also be more
in harmony with the present system of adjudication. Modern decisions, since the adoption of codes, seem to regard it
as the proper course.

In 1 Wade on Attach. §§ 297, 298, the author, after reviewing the authorities, concludes: " So the sureties and
principal obligor, whether the latter be the attaching plaintiff or not, may be joined as defendants in the action on the
bond."

In Waple on Attach., chap. 14, p. 446 : " The general practice does not require that, prior to a suit on the bond against
all the obligors, there first must be judgment obtained
against the principal in a separate action."

And in Drake on Attach. § 166 : " The question is here
presented, whether in order to maintain an action on the
bond, the damages must be first recovered in a distinct action? This is believed not to be requisite."

At the time of the decision of *Sterling Mining Co. v. Cock,*
*supra,* under common law practice, as has been shown, the
courts of many, if not a majority, of the states held the action maintainable. Since that time, under the code abolishing all technical forms of action, it would seem clearly
advisable and in the interest of all parties that the rule in
this state should be changed and the whole matter adjudicated in one proceeding ; and while the court was justified
in following the precedent, the judgment will be reversed
and cause remanded for trial.

*Reversed.*