AMERICAN SURETY COMPANY OF NEW YORK *vs.* CLARENCE H. VENNER & another.

Suffolk.    March 6, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Tender.*

A tender, in order to put an end to further liability under a contract, must be of the whole amount due. Thus a tender under a general contract of indemnity of the amount of the liability which has accrued at the time of the tender, without including a further liability which is about to be incurred, is of no avail.

CONTRACT on an agreement of indemnity stated by the court. Writ dated April 24, 1899.

In the Superior Court the case was tried before *Bishop*, J., without a jury. The judge found for the defendants; and reported the case for determination by this court.

*H. Wheeler*, for the plaintiff.

*A. M. Lyman*, for the defendants.

KNOWLTON, C. J.  In a case pending in the Supreme Court of the State of New York, an attachment was made upon property of the defendant Venner, and the present plaintiff, at his request, agreed with the plaintiff in that suit to pay the amount

of any judgment that might be "recovered in the action against the defendant not exceeding the sum of $5,000 with interest," for the purpose of discharging the attachment. At the same time these defendants entered into a contract to indemnify and save harmless the present plaintiff from its liability on the agreement to pay the judgment. In the original case judgment was recovered in the sum of $8,041.83, and the plaintiff therein demanded payment from the American Surety Company under the agreement. There was a dispute between the plaintiff in the original suit and the defendants in this suit as to the amount for which the present plaintiff was liable under the agreement, the plaintiff in the original suit contending that the agreement included interest on $5,000 from its date, which was February 28, 1889, and the defendants in this suit contending that interest was to be added only from the date of the judgment, which was November 21, 1894.

The language of the contract of indemnity, in the material part, is as follows: "That said parties of the first part [the present defendants] shall and will at all times indemnify, and keep indemnified, and save harmless the said company [the present plaintiff] from and against all loss, damages, costs, charges, counsel fees and expense whatsoever which said company shall or may, for any cause, at any time, sustain or incur by reason or in consequence of said company having executed said instrument; and do further covenant and agree to pay to said company and its representatives, all damages for which said company or its representatives shall become responsible upon the said undertaking before said company or its representatives, shall be compelled to pay the same, any sum so paid, however, to be applied to the payment of such damages; and in case any suit, action, or other proceeding shall be commenced or notice served on said parties of the first part, in any manner relating to or growing out of the matter or business for or on account of which the aforesaid instrument was required to be executed, immediate notice thereof shall be given to said company at its office in New York." There was also a provision that in case of a default on the part of these defendants to perform any of "the covenants, conditions or agreements" of the contract, they would substitute other sureties on the undertaking within fifteen days after re-

ceiving notice of their default, and in case of failure so to furnish other sureties, would pay any damages or expense that the company might incur in obtaining a release from its undertaking as surety. On the demand of payment of the judgment by the original plaintiff, the present plaintiff made a demand upon these defendants, and after a failure to agree, the present plaintiff demanding the sum claimed by the original plaintiff, and the present defendants offering to pay only $5,000 with interest from the date of the judgment, these defendants tendered this amount and the plaintiff declined to accept it. It was then agreed, without prejudice to the rights of either party in reference to the tender, that the question in dispute should be decided in a suit brought in the Supreme Court in New York against the surety company upon the agreement. This suit was brought and prosecuted to judgment. The decision was that interest on the $5,000 ran only from the date of the judgment. Interest was running during the pendency of this suit, so that for this reason, the amount due on the judgment against the surety company was a much larger sum than the amount tendered. The question in this case is whether the defendants are liable for this interest which the plaintiff was obliged to pay, or whether their further liability was terminated by the tender.

It is conceded that the defendants would be liable for the expense incurred by the plaintiff in litigating this disputed question, except for the fact that at some time they assumed the defence of the suit and saved the plaintiff from incurring expense in maintaining their position. The contract of indemnity is in the broadest conceivable terms. The general provision for indemnity which appears in the first part of our quotation covers the whole subject. It covers the payment of everything which at any time may become payable under the contract. The further provision, " and do further covenant," etc., is a stipulation as to the time of payment, namely, for a previous payment of any sums which the company might be called upon to pay to another, so that the company might not be obliged to advance its own money for that purpose. There being a general contract of indemnity, covering in one provision every kind of liability growing out of a single transaction, the question is whether the defendants could select one item, the amount of which was in

dispute, and make a tender of that, and thereby relieve themselves from further liability under their contract. We are of opinion that they could not. The present plaintiff, for self-protection and to maintain the contention of these defendants that the interest ran only from the date of the judgment, was obliged to defend a suit which was likely to be brought against it by the original plaintiff. It was under the liability created by this obligation and was entitled to be indemnified from the consequences of it when the tender was made. One of the consequences was the certainty that interest would continue to run on the whole sum so long as the litigation continued. If that interest might have been stopped by a tender made by the surety company to the original plaintiff, the company was not called upon in law to make such a tender. It was under no obligation to advance its own money for that purpose, and these defendants, when asked to deposit with the plaintiff the money tendered, so that it might be used in making a tender to the original plaintiff, declined to deposit it unless they could be relieved from liability.

The only tender that can be made effectual under a contract is a tender of the whole amount due. The present contract was a single, indivisible undertaking, completely to indemnify the present plaintiff. Until there was a tender of entire relief from liability, the defendants continued liable. *Green* v. *Shurtliff*, 19 Vt. 592. *Dunning* v. *Humphrey*, 24 Wend. 31. No provision was made, nor attempted to be made, to relieve the plaintiff from its liability for the interest that was certain to accrue while the suit to determine the disputed question was pending, and it does not appear that there was at any time any legal protection of the plaintiff from its liability for the costs of suit, or for the expenses of the litigation. It is set up in the pleadings, and agreed at the argument that at some time the defendants took upon themselves the defence of the suit and paid the expenses; but this, so far as appears, was by a subsequent voluntary undertaking, and it did not give effect to the previous tender. The defendants have not yet met their obligation to save the plaintiff harmless from its liability for the interest which accrued during the litigation upon the question in dispute.

The principle is analogous to that which, in the absence of statutory authority, prevents an effectual tender in a case where

the damages are unliquidated. *Dearle* v. *Barrett,* 2 A. & E. 82.
*Davys* v. *Richardson,* 21 Q. B. D. 202.   *McDowell* v. *Keller,*
4 Coldw. 258.   *Lawrence* v. *Gifford,* 17 Pick. 366.

*Judgment for the plaintiff.*