## JAFFEY v HOLLAND FURNACE CO, Inc et

Ohio Appeals, 9th Dist, Lorain Co

No 736. Decided May 17, 1935

Levin & Levin, Lorain, for plaintiff in error.

Keep & Keep, Lorain, for defendants in error.

318

## OPINION

By FUNK, PJ.

First, counsel for plaintiff claim that the court erred in taking from the jury the question of attorney fees.

While attorney fees in obtaining the discharge of an attachment wrongfully secured (but not for services on the merits of the case in the principal suit) may be a proper item of expense, and while there is evidence as to what the attorney did in procuring the discharge of the attachment in the instant case, there was no evidence offered as to the value of such services, or that such services were charged to or paid for by plaintiff. As there is no evidence in the record as to the value of such services, or that plaintiff paid or was obligated to pay therefor, there was no competent evidence upon which to base a recovery for attorney fees. It was accordingly not error for the court to withdraw that question from the jury.

From the authorities cited by counsel in their briefs and the arguments adduced therefrom, it would seem that counsel fail to distinguish between the right to recover for attorney fees as an item of expense in procuring the discharge of an attachment, in which situation proof of the value of such service is necessary (Crow v Sims, 88 Oh St 214; Alexander v Jacoby, 23 Oh St 358; Andrews v T., A. A. & N. M. Ry. Co., 19 C.C. 699, at p. 704; Bruce v Coleman, 1 Handy 515, 12 O. Dec. (Rep.) 265; P., C. & St. L. Ry. Co. v Zepperlein, 1 C.C. 36, 1 C.D. 22; Cleve. S. W. Ry. & Lt. Co. v Briggs, 8 ABS 302), and the discretion of the jury to take into consideration an amount for attorney fees as a part of the compensatory damages in an action for damages for a tort where malice or fraud is alleged and proven, and where the jury are permitted to allow exemplary or punitive damages, and in which situation it is not only not necessary but improper to admit evidence as to the value of attorney fees (Roberts v Mason, 10 Oh St 277, at p. 282; Stevenson v Morris, 37 Oh St 10; 13 O. Jur., "Damages," §180, p. 287; ibid., §§ 101, 102 and 103, p. 186 et seq).

Second, we find no prejudicial error in the admission of evidence concerning the grounds of the attachment, as claimed by counsel for plaintiff.

Third, under the pleadings and the evidence, we find no error prejudicial to plaintiff in the court limiting the amount of the recovery to the amount of the bond, as the only cause of action alleged was an action on the bond. There were no allegations in the petition involving a common law action for damages for wrongful attachment, and no claim of malice and want of probable cause was either alleged or proved. Moreover, since the jury found a general verdict for the defendant, there could be

no prejudicial error in so limiting the amount of recovery.

Fourth, counsel for plaintiff claim in their brief that the court erred in failing to take from the jury the second defense in the answer of the Holland Furnace Co., which was that there was another action pending in the same court between the same parties involving the same cause of action.

The record discloses that there was no specific proof as to another action pending, that the court did not submit this defense to the jury, and that the court made no reference whatever to the second defense either in the charge or elsewhere in the record; and there is nothing in the record to show that plaintiff at any time made any request to take the second defense from the jury. Under this state of the record there could be no error prejudicial to plaintiff in this particular.

Fifth, Was the verdict manifestly against the weight of the evidence?

There is very little, if any, competent evidence that plaintiff suffered any damage whatever by reason of the attachment. There was evidence that at the time the attachment was dissolved the property attached was worth substantially twice as much as it was when the attachment was levied. Under such a situation, we certainly cannot say that the verdict was against the manifest weight of the evidence.

Finding no error prejudicial to plaintiff, the judgment is affirmed.

STEVENS and WASHBURN, JJ, concur in judgment.